EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Joseph Edward Simpson y/o Elisabeth Simpson<br><br>Isabel Passalacqua Fernández<br><br>Recurridos<br><br>v.<br><br>Consejo de Titulares y Junta de Directores del Condominio Coral Beach<br><br>Recurrido<br><br>Antonio Quiros, José Betances<br><br>Peticionarios | Certiorari<br><br>2024 TSPR 64<br><br>213 DPR ___ |

Número del Caso: CC-2023-0670

Fecha: 18 de junio de 2024

Tribunal de Apelaciones:

    Panel Especial

Representante legal de la parte peticionaria:

    Lcdo. Ramón Díaz Gómez

Representante legal de la parte recurrida:

    Por derecho propio

Materia: Derecho Administrativo – Jurisdicción del Tribunal de Apelaciones para revisar una denegatoria de una solicitud de intervención emitida por una agencia durante un proceso adjudicativo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Joseph Edward Simpson y/o Elisabeth Simpson<br><br>Isabel Passalacqua Fernández<br><br>Recurridos<br><br>v.<br><br>Consejo de Titulares y Junta de Directores del Condominio Coral Beach<br><br>Recurrido<br><br>Antonio Quiros, José Betances<br><br>Peticionarios | CC-2023-0670 |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 18 de junio de 2024.

Nos corresponde auscultar si actuó correctamente el Tribunal de Apelaciones al concluir que no tenía jurisdicción para revisar una denegatoria de intervención emitida por el Departamento de Asuntos del Consumidor (DACo) durante un proceso de adjudicación formal. Respondemos en la negativa. Conforme a la Ley de Procedimiento Administrativo Uniforme, infra, el dictamen aludido es susceptible de revisión judicial.

I

El Sr. Joseph E. Simpson y la Sra. Elisabeth Simpson presentaron una querella administrativa ante DACo en contra

del Consejo de Titulares y la Junta de Directores del Condominio Coral Beach. En esencia, impugnaron la aprobación de ciertas enmiendas al reglamento del condominio que tenían el efecto de permitir los arrendamientos a corto plazo, de al menos (4) cuatro días y (3) tres noches. Arguyeron que este tipo de determinación debía aprobarse por unanimidad y no por mayoría de los titulares, dado que constituía una variación de uso residencial a comercial. Por lo tanto, afirmaron que para viabilizar este tipo de actividad se requería enmendar la escritura matriz del condominio.

En el ínterin, DACo celebró una vista administrativa y ante la incomparecencia de la representación legal del Consejo de Titulares, le anotó la rebeldía y resolvió en su contra. Luego de los trámites apelativos de rigor, el Tribunal de Apelaciones, en el caso KLRA202200684, levantó la anotación de rebeldía y devolvió el asunto a la agencia para la continuación de los procedimientos.

Tras recibir la determinación revocatoria, DACo ordenó la consolidación del caso con otra reclamación análoga presentada por la Sra. Isabel Passalacqua Fernández. A su vez, la agencia fijó una fecha para la celebración de una vista en su fondo. Paralelamente, el Sr. Antonio Quirós y el Sr. José Betances (peticionarios) presentaron una solicitud de intervención. Aseveraron que su participación en el procedimiento adjudicativo era esencial para la

protección de sus derechos propietarios como titulares del Condominio ya que alquilan sus propiedades a corto plazo.

El 6 de septiembre de 2023, DACo notificó que denegó la intervención solicitada. Para fundamentar la denegatoria, la agencia esgrimió que los intereses de los peticionarios estaban debidamente representados por la parte querellada en el proceso adjudicativo, a saber, el Consejo de Titulares. Finalmente, la agencia consignó el término aplicable para solicitar revisión judicial de la determinación.

En desacuerdo, los peticionarios acudieron ante el Tribunal de Apelaciones mediante un recurso de revisión y una solicitud para que —en auxilio de jurisdicción— se ordenara la paralización de los procedimientos ante la agencia. Reiteraron su planteamiento en cuanto a la necesidad de intervenir para evitar una lesión de sus derechos propietarios. Añadieron que les preocupaba el hecho de que DACo emitió una decisión en rebeldía contraria a sus intereses, aunque esta fue revocada posteriormente.

En el entretanto, el Tribunal de Apelaciones desestimó el recurso por falta de jurisdicción. Concluyó que la denegatoria de intervención era una resolución interlocutoria no susceptible de revisión judicial. A su vez, el foro intermedio intimó que los peticionarios tendrían la oportunidad de presentar su objeción luego de que concluyera de manera definitiva el proceso adjudicativo ante DACo.

Nuevamente inconformes, los peticionarios presentaron un *certiorari* ante nos. Arguyeron que el foro intermedio cometió un error al declararse sin jurisdicción para revisar el dictamen aludido. Señalaron que la determinación de denegar intervención goza de finalidad y que al no haber sido acumulados como partes en el procedimiento, estarán impedidos de instar un recurso de revisión respecto a la determinación final de la agencia.

Luego de evaluar el recurso, el 8 de diciembre de 2023 le concedimos a la parte recurrida un término de treinta días para que mostrara causa por la cual no debíamos expedir el auto de *certiorari*. En cumplimiento, los recurridos afirmaron que no procede la intervención solicitada por los peticionarios ya que sus intereses se encuentran representados adecuadamente a través del Consejo de Titulares. Añadieron que permitir la intervención ocasionaría una dilación indebida de los procedimientos.

Con el beneficio de la comparecencia de las partes, procedemos a resolver únicamente si el Tribunal de Apelaciones erró al desestimar el recurso de revisión judicial.

II

**A. La revisión judicial y el requisito de finalidad de la determinación de la agencia**

La revisión judicial de determinaciones administrativas responde primordialmente al objetivo de delimitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley. Mun. de San Juan

v. J.C.A., 149 DPR 263, 279 (1999). La intervención judicial en ese ámbito se rige por los parámetros establecidos en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq*. De igual forma, la Ley de la Judicatura de Puerto Rico, infra, estatuye la competencia del Tribunal de Apelaciones como foro revisor de las determinaciones administrativas. Art. 4006(c) de la Ley de la Judicatura de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24(y)(c); Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B.

En lo pertinente, la LPAU preceptúa que la parte adversamente afectada por una orden o resolución final de una agencia puede instar un recurso de revisión judicial, siempre y cuando haya agotado todos los remedios provistos por el organismo administrativo correspondiente. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Como bien se desprende de lo antes dicho, el mecanismo de revisión se extiende a "aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos". Sec. 4.1 de la LPAU, 3 LPRA sec. 9671.

Es de notar que la LPAU no define expresamente lo que es una orden o resolución final, sin embargo, en J. Exam Tec. Med. v. Elias *et al*., 144 DPR 483, 490 (1997) expresamos que eran "las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". Íd. Esta determinación tiene las características de

una sentencia judicial pues da por terminada la cuestión litigiosa y es apelable. Íd. En ocasiones más recientes reiteramos que una orden o resolución final es aquella que resuelve todas las controversias pendientes ante la agencia y supone la culminación definitiva del proceso administrativo. Véanse, Miranda Corrada v. DDEC *et al.*, 211 DPR 742 (2023); Fonte Elizondo v. F&R Const., 196 DPR 353, 358 (2016); A.R.P.e v. Coordinadora, 165 DPR 850, 867 (2005); Crespo Claudio v. O.E.G., 173 DPR 804, 813 (2008); Comisionado de Seguros v. Universal, 167 DPR 21, 28 (2006).

De ordinario, las decisiones administrativas que no satisfacen este criterio no son revisables judicialmente. El propósito de esta limitación es dar cumplimiento a la política pública de que los procedimientos administrativos se efectúen de forma rápida, justa y económica. Véase, Sec. 1.2 de la LPAU, 3 LPRA sec. 9602.

En sintonía con lo anterior, la LPAU dispone que las decisiones interlocutorias de una agencia, incluso las que se emiten en procesos desarrollados por etapas, no son directamente revisables. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. La objeción a estas provisiones interlocutorias puede incluirse como un señalamiento de error en un recurso de revisión al final del procedimiento. Íd. Entiéndase por orden interlocutoria aquella acción de la agencia que dispone de un asunto meramente procesal. Sec. 1.3 de la LPAU, 3 LPRA sec. 9603(i). Las limitaciones del principio de finalidad también se extienden a los dictámenes parciales

que, por definición de la LPAU, son aquellos que adjudican algún derecho u obligación sin poner fin a la controversia total, sino a un aspecto específico de esta. Sec. 1.3 de la LPAU, 3 LPRA sec. 9603(h). Véase, además, J. Exam Tec. Med. v. Elias *et al*., supra, pág. 493.

La precitada ley establece que tampoco será revisable una determinación cuando la persona afectada no haya agotado todos los remedios administrativos. Lo anterior implica que la parte afectada debe utilizar todos los mecanismos disponibles ante la agencia antes de acudir al tribunal. AAA v. UIA, 200 DPR 903, 913 (2018). Esta regla general puede ser preterida si: (1) el remedio es inadecuado; (2) exigir su agotamiento ocasionaría un daño irreparable y en el balance de intereses no se justifique agotar los remedios; (3) se alega una violación sustancial de derechos constitucionales; (4) sería inútil el agotamiento de los remedios por la dilación excesiva en el proceso; (5) el organismo administrativo no tiene jurisdicción, y (6) el asunto es estrictamente de derecho y no requiere pericia administrativa. Sec. 4.3 de la LPAU, 3 LPRA sec. 9673.

Es meritorio puntualizar que el requisito de finalidad de la acción administrativa y la doctrina de agotamiento de remedios son conceptos distintos. Procuradora Paciente v. MCS, 163 DPR 21, 38 (2004). Empero, ambas doctrinas sirven un mismo propósito: evitar la intervención judicial a destiempo. Íd. En vista de que tienen un alcance análogo, pueden gozar de las mismas excepciones. Íd.

Por otro lado, debe destacarse que cuando se solicita revisión judicial al amparo de la Sec. 4.2 de la LPAU, supra, el interesado debe poseer legitimación activa. Para ello, es necesario que el solicitante sea parte y se haya visto adversamente afectado por la decisión administrativa. Metro Senior v. AFV, 209 DPR 203, 212 (2022); Fund. Surfrider y otros v. A.R.P.e, 178 DPR 563, 575-576 (2010).

Expuesto el derecho atinente a la revisión judicial, procedemos a examinar la naturaleza del mecanismo de intervención en los procedimientos de adjudicación formal. De ese modo, corroboramos si la negativa de la agencia a permitir intervención es revisable y, de ser así, desde cuándo.

**B. Solicitud de intervención en un procedimiento adjudicativo**

"Aquellas personas afectadas por el proceso de adjudicación y que no han sido designadas como partes solicitan a menudo participar en la audiencia y en el procedimiento". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Uniforme, 3 ed., Colombia, Ed. Forum, 2013, pág. 178. La intervención es uno de los mecanismos que viabiliza la incorporación de terceros en un procedimiento adjudicativo. A esos fines, la Sec. 1.3(f) de la LPAU, 3 LPRA sec. 9603, define interventor como "aquella persona que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento". Para que una persona con interés

legítimo en participar de un procedimiento adjudicativo pueda considerarse interventor debe presentar una solicitud por escrito y fundamentada a tales efectos. Sec. 3.5 de la LPAU, 3 LPRA sec. 9645. Por su parte, la agencia tendrá discreción para conceder o denegar la petición, luego de considerar, entre otros factores:

> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
> (e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.
> (f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.
> (g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento. Sec. 1.3 de la LPAU, 3 LPRA 9603.

Los criterios que anteceden deben aplicarse de manera liberal. Íd. Además, la agencia puede requerir que se le presente información adicional para estar en posición de emitir su decisión. Íd.

Una vez concedida la solicitud de intervención, al interventor se le reconoce como una parte en el procedimiento. Véase, Sec. 1.3(f) de la LPAU, supra. Según expone la LPAU, una parte es "toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o

**que se le permita intervenir** o participar en la misma". (Negrilla suplida). Íd.

La solicitud de intervención garantiza una participación plena en el procedimiento, avalada por el reconocimiento de que se ostenta un derecho. Véase, Fernández Quiñones, *op cit.*, pág. 180.

No obstante, para participar en calidad de interventor con todas las garantías accesorias a tal designación, hay que cumplir las exigencias de la Sec. 3.5 de la LPAU, supra. Así lo reconocimos en el caso JP Plaza Santa Isabel v. Cordero Badillo, 177 DPR 177 (2009). En aras de proveer claridad y certeza doctrinal pautamos que "una persona natural o jurídica, que se encuentre participando activamente en un proceso administrativo y que desee ser considerada "parte" con todo lo que ello implica para los fines de revisión de la decisión administrativa, debe hacer una solicitud formal al respecto, debidamente fundamentada". Íd., pág. 193. Sobre este particular, el Profesor Hernández Colón señala que "[l]a norma es sabia al requerir que se plantee y se adjudique formalmente el derecho a intervenir para adquirir el carácter de parte en un proceso administrativo y, por consiguiente, serlo para fines de legitimar su derecho a utilizar el recurso de revisión judicial". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Ed. Lexis-Nexis, 2017, pág. 128.

Por otra parte, debemos tener en cuenta que la formalidad que se le exige al potencial interventor en cuanto a la presentación de una solicitud escrita, también se le requiere al organismo administrativo al emitir una determinación adversa. De manera que "[s]i la agencia decide denegar una solicitud de intervención en un procedimiento adjudicativo notificará su determinación por escrito al peticionario, los fundamentos para la misma y el recurso de revisión disponible". Sec. 3.6 de la LPAU, 3 LPRA sec. 9646. La disposición antes citada persigue facilitar la revisión judicial de la denegatoria. Mun. de San Juan v. J.C.A., 152 DPR 673, 703 (2000). Si la notificación no se realiza conforme a los términos de la ley, carecerá de eficacia y no podrá ser oponible a la persona adversamente afectada. San Antonio Maritime. P.R. Cement Co., 153 DPR 374, 385 (2001).

Al analizar la naturaleza de la decisión administrativa en cuestión, expresamos que la denegatoria de una solicitud de intervención es un asunto de derecho revisable sin limitación por el foro judicial. JP, Plaza Santa Isabel v. Cordero Badillo, supra, pág. 191. En consonancia, también esbozamos que "[s]e trata de una interpretación estatutaria que no incide en la pericia administrativa". San Antonio Maritime v. P.R. Cement Co., supra, pág. 397. Al respecto, el profesor Demetrio Fernández comenta:

> "Es cierto que la agencia se encuentra en mejor posición para decidir si procede la intervención

por el conocimiento que tiene de la naturaleza del caso. Sin embargo, los tribunales no deben darle su apoyo incondicional a las agencias en esta determinación. Se debe examinar si la agencia se beneficia con la participación y si se le lesiona al peticionario algún interés. El debate, tanto a nivel de la agencia como el del tribunal estará centrado en si existe el interés adversario y si el procedimiento puede lesionar dicho interés sin la participación de una parte. Fernández Quiñones, *op cit.*, pág. 182.

                                III

En el recurso ante nuestra consideración, los peticionarios alegan que el Tribunal de Apelaciones erró al concluir que carecía de jurisdicción para revisar la denegatoria de DACo a su solicitud de intervención. En su sentencia, el foro intermedio concluyó que estaba impedido de revisar la determinación de la agencia por tratarse de un dictamen interlocutorio en el procedimiento adjudicativo. Sucesivamente esbozó que la revisión judicial estaría disponible una vez culminado en su totalidad el trámite administrativo. No tiene razón el Tribunal de Apelaciones.

En primer lugar, surge diáfanamente de la LPAU que la denegatoria de una solicitud de intervención es susceptible de revisión judicial. Véase, Sec. 3.6 de la LPAU, supra. Como vimos, la agencia tiene que notificar por escrito su decisión adversa y alertar sobre el término de revisión aplicable. Íd. Esta norma se incorporó en nuestro ordenamiento desde la aprobación del primer estatuto de procedimiento administrativo uniforme en 1988. Véase, Ley Núm. 170 de 12 de agosto de 1988, 3 LPRA ant. sec. 2155. Es

decir, desde que se instauró por primera vez la derogada Ley Núm. 170, supra, la denegatoria de una solicitud de intervención se concibió como una determinación revisable por los tribunales. Íd.

En ese aspecto, la LPAU es mucho más abarcadora que su homóloga federal, la *Administrative Procedure Act*, 5 U.S.C. 551 *et seq.*, cuyo texto no regula expresamente el mecanismo de intervención administrativa. Véase, San Antonio Maritime v. P.R. Cement Co., supra, pág. 392. Véase, además, Fernández Quiñones, *op cit.*, pág. 180. Al respecto, David Shapiro comenta que una de las fuentes más fértiles de dificultad en esta materia es precisamente la cuestión de la revisabilidad de la denegatoria de intervención. David L. Shapiro, *Some thoughts on Intervention before Courts, Agencies and Arbitrators*, 81 Harv. L. Rev. 721, 748 (1968). En lo aquí medular, Shapiro postula: "A refusal to allow intervention is not a final decision with respect to the controversy as a whole since the proceeding is still pending, but the decision is certainly the end of the line for the interventor since he can take no further part except perhaps as an amicus curiae". Íd., pág. 749.

La acepción avalada del término resolución u orden final implica la existencia de un dictamen que pone fin a todas las controversias presentadas ante el foro administrativo. Véanse, J. Exam Tec. Med. v. Elias *et al.*, supra, pág. 490; A.R.P.e v. Coordinadora, supra, pág. 867; Comisionado de Seguros v. Universal, supra, pág. 28; Crespo

Claudio v. O.E.G., supra, pág. 813. De ese modo "[l]a decisión administrativa es final cuando ha decidido todas las controversias y no deja pendiente ninguna para ser decidida en el futuro". Fernández Quiñones, *op cit.*, pág. 687. Sin embargo, no podemos obviar que una denegatoria de intervención, si bien no es la resolución que da por culminado el trámite ante la agencia, adjudica de manera definitiva el derecho del solicitante a ser parte del procedimiento administrativo.

Como bien señalamos anteriormente, el requisito de finalidad de la acción ante la agencia delimita el momento idóneo para acudir a los tribunales. Su aplicación presupone que las partes pueden postergar la presentación de un recurso judicial hasta la conclusión del proceso. Naturalmente, para ello tienen que estar legitimadas. En esa coyuntura, los peticionarios alegan que si el tribunal no dilucida en estos momentos la controversia sobre su derecho a intervenir perderán la oportunidad de solicitar revisión judicial de la decisión final del caso ante DACo. Tienen un planteamiento legítimo.

Conceptualmente, la denegatoria de intervención constituye un rechazo expreso a la condición de "parte" en una futura revisión judicial de la decisión que la agencia emita eventualmente. Desde luego, "la cuestión de quién tiene acceso como parte nos remite a la cuestión de la legitimación activa". Demetrio Fernández, *op. cit*. pág. 175. Sobre ese extremo, es indubitable que cuando la

agencia no permite la intervención de un tercero se afecta directamente la capacidad de ese tercero para impugnar la decisión administrativa. Nótese que para tener legitimación al amparo de la Sec. 4.2 de la LPAU, supra, se requiere (1) ser parte y (2) estar adversamente afectado por la determinación final de la agencia. Véase, Fund. Surfrider y Otros v. A.R.P.e, supra, págs. 575-576.

El análisis integrado de las disposiciones de la LPAU nos permite colegir que la Asamblea Legislativa no condicionó la revisión judicial de la adjudicación adversa de una petición de intervención, a la culminación del proceso adjudicativo. Recordemos que la Sec. 4.2 de la LPAU, supra, está diseñada para que las **partes** puedan impugnar la **determinación final** de una agencia. En cambio, la Sec. 3.6 de la LPAU, supra, le provee al potencial interventor, cuya solicitud ha sido denegada, la oportunidad de que un foro judicial examine su derecho a ser parte del procedimiento adjudicativo. Es evidente que cuando el legislador incluyó una disposición específica — independiente de la Sec. 4.2 de la LPAU, supra— que le ordena a las agencias notificar por escrito la denegatoria de una solicitud de intervención, de manera fundamentada y con alusión al término de revisión aplicable, lo que hizo fue consignar expresamente la revisabilidad directa de ese dictamen. Véase, Sec. 3.6 de la LPAU, 3 LPRA sec. 9646.

En sintonía con lo expuesto, es forzoso concluir que el derecho a solicitar revisión judicial de la denegatoria

de intervención surge a partir de la notificación adecuada de la determinación adversa por parte de la agencia. En la controversia que nos atañe, al denegar la intervención, DACo expresó: "Contra la presente determinación sólo procederá un recurso de revisión ante el Tribunal de Apelaciones, en el término de (30) días a partir de la fecha en que se archiva en autos esta resolución". Apéndice del certiorari, pág. 10. Desde ese momento era que los peticionarios podían solicitar la revisión del dictamen, tal y como lo hicieron. Por lo tanto, erró el Tribunal de Apelaciones al desestimar el recurso de revisión judicial.

IV

Por los fundamentos expuestos, se expide el auto de certiorari, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que atienda el recurso de revisión judicial presentado por los peticionarios, conforme con lo aquí pautado.

Se dictará Sentencia de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Joseph Edward Simpson y/o Elisabeth Simpson<br><br>Isabel Passalacqua Fernández<br><br>Recurridos<br><br>v.<br><br>Consejo de Titulares y Junta de Directores del Condominio Coral Beach<br><br>Recurrido<br><br>Antonio Quiros, José Betances<br><br>Peticionarios | CC-2023-0670 |

SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2024.

Por los fundamentos antes expuestos, en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se expide el auto de certiorari, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que atienda el recurso de revisión judicial presentado por los peticionarios, conforme con lo aquí pautado.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión de conformidad a la que se une el Juez Asociado señor Colón Pérez:

> Hoy dejamos meridanamente claro que, en virtud de la propia Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9646, toda denegatoria de una solicitud de intervención está sujeta a ser revisada de

forma interlocutoria ante un foro judicial apelativo sin que pueda desestimarse la acción bajo un fundamento jurisdiccional anclado en que el proceso de adjudicación formal no ha culminado. Ciertamente, la revisabilidad directa y oportuna de estas solicitudes por parte del Poder Judicial contribuye a velar por la adecuada implantación de la política pública de promover la participación en los procesos administrativos y a propiciar una intervención adecuada del mayor grado posible de los componentes de determinadas controversias administrativas. Por ello, estoy conforme con la *Opinión* de este Tribunal toda vez que lo resuelto fortalece la posibilidad de que todo ciudadano o sector cuyos intereses o derechos sean afectados por eventuales determinaciones administrativas, puedan participar oportunamente como partes interventoras en procedimientos de tal naturaleza. En ese sentido, aunque queda un trecho por recorrer para maximizar la participación ciudadana en los procesos administrativos, lo pautado es cónsono con mi visión de que el Derecho Administrativo no debe emplearse para cerrar las puertas a la concesión de remedios adecuados, completos y oportunos a la ciudadanía.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo