ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| NELSON COTTO APONTE<br>RECURRIDO<br><br>v.<br><br>AUTORIDAD DE ENERGÍA ELÉCTRICA<br>RECURRENTE | KLRA202400270 | Revisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Núm. 2021-05-3381<br><br>Sobre:<br>Movilidad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de julio de 2024.

Comparece la Autoridad de Energía Eléctrica de Puerto Rico (AEE o recurrente) y solicita la revocación de una *Resolución* emitida el 27 de marzo de 2024 por la Comisión Apelativa del Servicio Público (CASP o Comisión). En esta, la CASP declaró nula la transferencia de Nelson Cotto Aponte (Sr. Cotto Aponte o recurrido) como empleado de la AEE a un puesto en el Departamento de Salud como parte del plan de movilidad dispuesto en la Ley Núm. 8 de 4 de febrero de 2017, conocida como la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico (Ley Núm. 8-2017), 3 LPRA secs. 1469 *et seq.*

Por los fundamentos que exponemos a continuación, revocamos la *Resolución* recurrida por ausencia de parte indispensable. Veamos.

### I.

El Sr. Cotto Aponte ocupaba el puesto de Supervisor Principal de la Oficina de Acomodo Razonable en la AEE. Por motivo de la Ley Núm. 120 de 20 de junio de 2018, conocida como Ley para Transformar el Sistema Eléctrico de Puerto Rico (Ley Núm. 120-

Número Identificador

SEN2024_____

2018), 22 LPRA secs. 1111 *et seq.* y la Ley Núm. 8-2017, *supra,* la AEE le notificó que sería transferido de su puesto, mediante el mecanismo de movilidad al Departamento de Salud en la Región de Caguas. Al reportarse a dicho lugar, no se le indicó a qué oficina debía acudir, por lo que se dirigió al Departamento de Salud en San Juan, donde en la división de prevención evaluaron su preparación académica y experiencia laboral. Como resultado de lo antes, lo asignaron al puesto de Coordinador de Programas II en la Secretaría Auxiliar de Promoción y Protección de Salud con el mismo sueldo que devengaba en la AEE.

Inconforme, el Sr. Cotto Aponte interpuso una apelación, únicamente, en contra de la AEE, ante la CASP. La apelación fue notificada a la Oficina de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico (OATRH), a la Oficina de Gerencia y Presupuesto (OGPe), a la Autoridad de Asesoría Financiera y Agencias Fiscal de Puerto Rico (AAFAF) y al Departamento de Salud. Sin embargo, la CASP no ordenó la comparecencia de dichas dependencias gubernamentales.

Luego de recibir la postura de la AEE y de aquilatar la prueba así como el derecho aplicable, la CASP emitió una *Resolución* en la cual adoptó la recomendación de la Oficial Examinadora, asignada al caso. En esencia, la CASP resolvió que la OATRH es la encargada de poner en función cada plan de movilidad en la prestación de servicios y funciones del Gobierno de Puerto Rico. Por ello, adoptó el Reglamento Núm. 8992 en el que se establecen los criterios a tomar en consideración al disponer sobre un traslado. Resaltó el Artículo 6, Sección 6.4, inciso i (1) sobre necesidad de servicio. También se refirió a lo establecido en el Memorando Especial de la OATRH Núm. 13-2021, intitulado *Proceso de Movilidad para los Empleados de la Autoridad de Energía Eléctrica (AEE)* de 26 de marzo de 2021, así como sus enmiendas (Memorando Especial Núm. 18-2021 de 23 de abril de 2021). Lo antes, constituye el proceso de movilidad "involuntaria" y aplica al caso del Sr. Cotto Aponte.

La CASP concluyó que, según los argumentos a favor del Sr. Cotto Aponte que, la AEE, la OATRH y el Departamento de Salud incurrieron en múltiples incumplimientos en el proceso. En particular, sostuvo que, no se tomó en consideración la necesidad del servicio para poner en función el plan de movilidad de la AEE. A esos efectos determinó que, la transferencia es nula. En su consecuencia, ordenó a la AEE a ubicar al recurrente en un puesto similar y, de este no existir, buscar opciones de trabajo dentro del Gobierno de Puerto Rico en colaboración con la OATRH.

Inconforme, la AEE solicitó reconsideración. Reiteró sus argumentos sobre la eficacia de la transferencia al Departamento de Salud. Especialmente, arguyó que la OATRH es parte indispensable en el presente caso por lo cual, sin su participación, la CASP carece de jurisdicción. A tono con lo anterior, la OATHR presentó una *Moción de reconsideración* y, separadamente, una *Moción Asumiendo Representación Legal y en Solicitud de Intervención.*[1] Destacó que, nunca fue incluido como parte en el caso administrativo y, en su consecuencia, no tuvo acceso al proceso previo a la adjudicación de la apelación.

Evaluado lo anterior, la CASP denegó la súplica, rechazando así la intervención de la OATRH. Aun insatisfecha, la AEE acude ante esta Curia y señala los siguientes errores, a saber:

> Erró la Comisión al dictar No Ha Lugar la Moción de Reconsideración al carecer de jurisdicción por falta de acumulación de parte indispensable.
>
> Erró la Comisión al basar su determinación en un criterio de evaluación (necesidad de servicio) que no fue contemplado para las transferencias (movilidad) de los empleados de la Autoridad de Energía Eléctrica en virtud de la Ley 120-2018 y el Memorando Especial.
>
> Erró la Comisión al declarar nula la transferencia (movilidad) de la Parte Apelada a pesar de no existir incumplimiento por parte de la Parte Apelante con los criterios de evaluación aplicables a la movilidad de la Parte Apelada.

---

[1] Apéndice, pág. 82-105.

En cumplimiento con nuestra *Resolución,* emitida el 6 de junio de 2024, Cotto Aponte presentó su alegato el 8 de julio de 2024. Con el beneficio de la comparecencia de ambas partes, resolvemos.

**II.**

### A. La Revisión Judicial y la Intervención en Procesos Administrativos

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Capote Rivera y otros v. Voilí Voilá Corporation y otros,* 2024 TSPR 29, resuelto el 26 de marzo de 2024. Al mismo tiempo, permite velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, el debido proceso de ley. *Íd.*

De otra parte, es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Capote Rivera y otros v. Voilí Voilá Corporation y otros,* supra; *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023). En particular, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo".

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Capote Rivera y otros v. Voilí Voilá Corporation y otros,* supra. Al mismo tiempo, el Tribunal Supremo

ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado o *expertise* que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garage Isla Verde*, supra. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Hernández Feliciano v. Mun. Quebradillas,* supra.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona

derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

De otra parte y atinente al recuso ante nos, es preciso señalar que, la intervención en el ámbito de derecho administrativo se rige por la LPAU, 3 LPRA, sec 9601, *et. seq.* Recientemente en *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros*, 2024 TSPR 64, 213 DPR ____, resuelto el 18 de junio de 2024, el Tribunal Supremo dispuso que la intervención es uno de los mecanismos que viabiliza la incorporación de terceros en un procedimiento adjudicativo. A esos fines, la Sec. 1.3(f) de la LPAU, 3 LPRA sec. 9603, define interventor como "aquella persona que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento". Para que una persona con interés legítimo en participar de un procedimiento adjudicativo pueda considerarse interventor debe presentar una solicitud por escrito y fundamentada a tales efectos. Sec. 3.5 de la LPAU, 3 LPRA sec. 9645. Por su parte, la agencia tendrá discreción para conceder o denegar la petición, luego de considerar, entre otros factores:

> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
> (e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.
> (f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.
> (g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento. Sec. 1.3 de la LPAU, 3 LPRA 9603.

Los criterios que anteceden deben aplicarse de manera liberal. *Íd.* Además, la agencia puede requerir que se le presente información adicional para estar en posición de emitir su decisión. *Íd.*

### B. Parte indispensable

La Regla 16.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1 establece quiénes son parte indispensable, a saber: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia [...]" Entiéndase que, es indispensable aquella parte a quien se le violentaría su debido proceso de ley si se adjudica la controversia sin su presencia. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462 (2019). Véase además *Pérez Ríos y otros v. Luma Energy*, LLC, 2023 TSPR 136, resuelto el 16 de noviembre de 2023.

Como se sabe, el propósito de la Regla 16.1, *supra*, es proteger a las personas, naturales o jurídicas, que no formen parte de un pleito, de los efectos que acarrea la sentencia dictada. *López García v. López García*, 200 DPR 50, 65 (2018). Al mismo tiempo, evita la multiplicidad de pleitos. *Íd.* Sobre el particular, nuestro más Alto Foro ha resuelto que, la falta de parte indispensable constituye una defensa irrenunciable, susceptible de invocarse en cualquier etapa de los procedimientos. *Íd.,* pág. 66. Lo anterior, debido a que, el efecto de no traer a una parte indispensable redunda en una violación a su debido proceso de ley. *Íd.* Por tanto, la ausencia de parte indispensable es un fundamento para dejar sin efecto una sentencia por nulidad. *HRS Erase v. CMT*, 205 DPR 689, 697 (2020). Ello, con el efecto de dejar sin jurisdicción al tribunal para resolver la controversia en ausencia de una parte indispensable. *López García v. López García,* supra, pág. 65.

**III.**

En el primer señalamiento de error, la recurrente levanta un planteamiento jurisdiccional sobre falta de parte indispensable. Además, cuestiona en el segundo y tercer error los criterios de evaluación aplicados en el proceso de movilidad del recurrido.

Iniciamos nuestro análisis evaluando el primer error por tratarse de un asunto jurisdiccional prioritario. La AEE argumenta que, el dictamen de la Comisión es nulo por haberlo emitido sin que

la OATRH participe en el proceso, siendo esta última parte indispensable. Lo antes, debido a que, la OATRH es quien ostenta el peritaje sobre todo asunto relacionado al movimiento o transacción de personal, realizado mediante un plan de movilidad. De igual manera la AEE señala que, la OATRH es quien único goza de facultad para crear e implementar planes de movilidad, por virtud de la Ley Núm. 8-2017, *supra*.

La recurrente añade que, la Comisión le ordenó entablar un proceso de diálogo con el recurrido y con la OATRH en la búsqueda de opciones de trabajo para el Sr. Cotto Aponte, dentro del Gobierno de Puerto Rico. Lo antes, sin la OATHR figurar como parte en este asunto y sin permitir su intervención. Sobre tales bases, la AEE argumenta que la CASP actuó sin jurisdicción al emitir el dictamen recurrido, por falta de parte indispensable.

Por su parte, el recurrido arguyó que, la OATRH compareció por primera vez, con posterioridad a la notificación de la determinación administrativa recurrida, mediante un escrito de intervención y reconsideración, por lo que era su responsabilidad comparecer en una etapa anterior. Ante ello, sostuvo en síntesis que, la determinación administrativa goza de eficacia y es correcta en derecho.

Hemos evaluado las posturas de las partes y concluimos que la agencia recurrida incidió al denegar la solicitud de intervención interpuesta por la OATRH, así como la suplica de la AEE, a esos efectos. De nuestro análisis del expediente y según la normativa antes expuesta, observamos que, la agencia debió reconocer que en este caso se reúnen los criterios (Sec. 1.3 incisos (a),(b),(d),(g) de la LPAU, *supra*) para haber permitido la intervención de la OATRH. En particular colegimos que, el interés de OATRH puede ser afectado adversamente por el procedimiento adjudicativo ya que no existen otros medios en derecho para que pueda proteger adecuadamente su interés en este caso. Reconocemos además que, la participación de la OATRH puede ayudar razonablemente a preparar un

expediente más completo del procedimiento tomando en consideración que la OATRH es quien puede aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.

Surge claramente de la Sección 6.4(4)(2) de la Ley Núm. 8-2017, 3 LPRA sec. 1472d, que la OATRH es quien habrá de poner en función cada plan de movilidad dentro del Gobierno de Puerto Rico, luego de considerar la necesidad del servicio, la preparación y experiencia del empleado, entre otros factores. De otra parte, la Sección 15 de la Ley Núm. 120-2018, 22 LPRA sec. 1121, delega tanto en la AEE como en la OATRH la función de identificar cuáles plazas son compatibles con la preparación de los empleados regulares de la AEE sujetos a movilidad. Análogamente, según el proceso para ubicar a los empleados que se moverán de una agencia, dispuesto en el Memorando Especial 13-2021, la OATRH ocupa un rol fundamental en cada uno de los pasos a seguir.

En consideración a la doctrina legal antes expuesta, muy en particular, a las facultades delegadas a la OATRH en materia de movilidad de empleados gubernamentales, concluimos que la OATRH es parte indispensable en este asunto. Por consiguiente, la Comisión actuó de manera irrazonable al no ordenar su comparecencia y al denegar su solicitud de intervención. Lo antes, con el efecto de que, el dictamen recurrido es nulo. En su consecuencia determinamos que procede permitir la intervención de OATRH como parte indispensable en el proceso administrativo de rigor. El primer error señalado se cometió. Por tratarse de un error sobre un asunto jurisdiccional de la agencia, se hace innecesario atender los restantes errores señalados.

**IV.**

Por los fundamentos antes discutidos, revocamos la *Resolución* recurrida y devolvemos el asunto a la Comisión para que proceda conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones