ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| RAFAEL A. QUILES<br>RECURRENTE<br><br>V.<br><br><br>POPULAR AUTO<br>RECURRIDO | KLRA202400586 | Revisión Administrativa procedente de la Oficina del Comisionado de Instituciones Financieras<br><br>Querella Núm: Q24-ND-029 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece ante esta Curia, por derecho propio, el señor Rafael A. Quiles Vázquez (recurrente o señor Quiles Vázquez) y solicita la revocación de una *Resolución* que la Oficina del Comisionado de Instituciones Financieras (OCIF o agencia) notificó el 17 de junio de 2024, así como, la *Resolución sobre Reconsideración* emitida el 9 de octubre de 2024.

Por los fundamentos que exponemos a continuación confirmamos los dictámenes recurridos. Veamos.

**I.**

El 5 de abril de 2024, el recurrente instó una *Querella* ante la OCIF en contra de Popular Auto (recurrido) con el fin de resolver una disputa sobre la acreditación de unos pagos correspondientes al financiamiento de un vehículo de motor. Surge del expediente que, el recurrente y Reliable Financial Services, Inc. (Reliable) otorgaron un Contrato de Venta al Por Menor a Plazos y que el recurrido asumió la administración del financiamiento de Reliable. El recurrente aseguró haber realizado todos los pagos desde noviembre de 2018 hasta diciembre de 2021, sin que el recurrido acreditara

algunas de sus mensualidades. Arguyó además que, aunque se acogió a las moratorias concedidas por la pandemia del COVID-19, continuó realizando sus pagos. Expresó que efectúa sus pagos por adelantado, no obstante, admitió atrasos en el año 2019 y en febrero de 2020.

En cumplimiento con el requerimiento de la agencia, el recurrido contestó la querella. Con el beneficio de las posturas de ambas partes, la OCIF formuló las siguientes determinaciones de hechos:

1. Reliable Financial Services, Inc. (de aquí en adelante Reliable) le otorgó al Querellante un Contrato de Venta al Por Menor a Plazos para el financiamiento de un vehículo a un término de 84 meses comenzando a pagar el 11 de noviembre de 2018.
2. El financiamiento fue por la cantidad de $29,535.00 a la tasa de interés de 6.45% con un pago mensual por la cantidad de $435.00.
3. El Querellado asumió la administración del financiamiento de Reliable y se transfirió el balance de principal en el pago número 11 con fecha de vencimiento del 11 de septiembre de 2019.
4. Del historial de pago surge que se recibieron pagos consecutivamente desde el 12 de noviembre de 2018 hasta el 26 de febrero de 2020 para un total de 17 pagos.
5. El pago recibido el 26 de febrero de 2020, era el correspondiente a la mensualidad del mes de marzo de 2020.
6. En el mes de abril de 2020, se otorgaron moratorias por COVID y en el financiamiento se adjudicaron a los meses de abril, mayo y junio de 2020.
7. Del historial de pago surge que el Querellante no efectuó pago en el mes de abril de 2020, efectuó un pago en mayo y un pago en junio de 2020.
8. Los pagos realizados en mayo y en junio se adjudicaron a los meses que vencían el 11 de julio de 2020 y el 11 de agosto de 2020.
9. El Querellante reclama la adjudicación de los pagos según las fechas de pago establecidas en el historial versus las que mantiene en su libreta de pago.
10. El Querellante radicó una querella ante el Co[n]sumer Financial Protection Bureau y la misma fue contestada por el Querellado el 31 de octubre de 2023.
11. En la contestación del Querellado le requirió al Querellante evidencia de los pagos para los meses de septiembre, noviembre y diciembre de 2020.
12. El Querellante solicitó la intervención de la Oficina mediante la presente querella.
13. Del historial de pago surge que se han realizado 63 pagos por la cantidad de $435.00.

Evaluada la prueba, concluyó que el recurrido no le impuso al recurrente intereses en exceso y que este último no demostró la existencia de pagos no acreditados. Resolvió que, los 63 pagos que surgen del historial de pago fueron acreditados y cubren el

financiamiento hasta el mes de enero de 2024. Conforme a lo anterior, desestimó la querella de epígrafe.

En desacuerdo, el recurrente instó un escrito intitulado *A quien pueda interesar* el cual la OCIF acogió como un petitorio de reconsideración. A pesar de que el recurrente no cumplió con las formalidades requeridas para instar una reconsideración, la OCIF lo acogió como tal y proveyó a dicha parte una tabla detallada en la cual habría de consignar la fecha y cuantía de cada pago realizado. Además, le solicitó una copia del cheque de Oriental Bank al cual hizo referencia en su querella. De otra parte, requirió al recurrido acreditar el balance de principal para el mes de julio de 2019. Ante el incumplimiento del recurrente con el referido requerimiento, la OCIF declaró No Ha Lugar a su solicitud de reconsideración, manteniendo en vigor la desestimación de la querella.

Inconforme, el recurrente acude ante esta Curia mediante el recurso de epígrafe. A pesar de no haber consignado un señalamiento de error, se colige de su recurso que insiste en haber realizado pago de ciertas mensualidades que no han sido adjudicadas en su historial de pagos.

En cumplimiento con nuestro requerimiento, el recurrido compareció mediante su correspondiente alegato. Con el beneficio de las posturas de ambas partes y evaluada la oposición de la OCIF, resolvemos.

**II.**

Sabido es que, una parte adversamente afectada por una orden o resolución final emitida por una agencia administrativa puede cuestionarla mediante un recurso de revisión judicial, luego de agotar los remedios provistos por el organismo correspondiente. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros*, 2024 TSPR 64, resuelto el 18 de junio de 2024. A esos efectos, la Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las

conclusiones de derecho de los organismos administrativos pueden ser revisadas por el Tribunal de Apelaciones en todos sus aspectos. *Otero Rivera v. Bella Retail Group, Inc. y otros,* 2024 TSPR 70, resuelto el 24 de junio de 2024.

Sin embargo, los foros apelativos deben ser deferentes ante los dictámenes de las agencias administrativas en atención a la vasta experiencia y al conocimiento especializado que les ha sido encomendado. *Íd.* Cabe señalar que, la tradicional deferencia cede cuando el ente administrativo haya actuado de manera irrazonable o ilegal, o que la interpretación administrativa conduzca a la comisión de una injusticia. *Buxó Santiago v. Estado Libre Asociado de Puerto Rico y otros,* 2024 TSPR _____, resuelto el 10 de diciembre de 2024.

Análogamente, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 115 (2023). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por ello, el Tribunal Supremo de Puerto Rico ha resuelto con igual firmeza que los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o, simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra,* dispone que las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra. Aun así, estas no deben ser descartadas libremente ni ser sustituidas por el criterio propio de los tribunales. *Buxó Santiago v. Estado Libre Asociado de Puerto Rico y otros,* supra.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no

está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016).

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Otero Rivera v. Bella Retail Group, Inc. y otros, supra.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581 (2020); *Rebollo v. Yiyi Motors,* 161 DPR 69 (2004). De no identificarse y demostrarse otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *Otero Rivera v. Bella Retail Group, Inc. y otros, supra.*

**III.**

En el recurso de epígrafe, el recurrente impugna tanto la *Resolución* como la *Resolución sobre Reconsideración* que notificó la OCIF, en las cuales la agencia resolvió desestimar la querella de epígrafe en ausencia de prueba que demuestre que el recurrente hizo pagos que están pendientes de adjudicación.

Según expusimos, nuestro ordenamiento jurídico nos faculta a revisar las órdenes y resoluciones finales de los organismos administrativos una vez las partes agotan los remedios administrativos. En cumplimiento con la Sección 3.14 de la LPAU, *supra,* la *Resolución* de la OCIF consignó las determinaciones de

hechos y las conclusiones de derecho que sirvieron de fundamento para adjudicar la causa. Como se sabe, las determinaciones de hechos y las conclusiones de derecho de las agencias administrativas cumplen los siguientes propósitos: (1) facilitar que los tribunales revisen adecuadamente el dictamen del organismo administrativo; (2) fomentar que las agencias decidan de forma cuidadosa y razonada, conforme a su autoridad y discreción; (3) ayudar a la parte afectada a comprender los fundamentos del dictamen; (4) promover la uniformidad intraagencial; y (5) evitar que los tribunales se apoderen de funciones propias de las agencias administrativas, que requieren de un conocimiento especializado. *Mun. de San Juan v. J.C.A.,* 149 DPR 263, 281-282 (1999).

Como expusimos anteriormente, la OCIF goza de una vasta experiencia y de un conocimiento especializado sobre los asuntos encomendados. Surge de la *Resolución* impugnada que, de los 63 pagos que constan en el historial de pagos suministrado, 17 fueron pagados en exceso de 30 días, 2 excedieron los 40 días, otros 2 pagos superaron los 50 días, 2 más en exceso de 60 días y 3 sobrepasaron los 70 días. Cónsono con lo antes la OCIF analizó que, luego de adjudicar esos 63 pagos, en meses consecutivos a partir de noviembre de 2018, el financiamiento estaría cubierto hasta enero de 2024 y el principal de la deuda sería mayor. Aclaró que, acreditar los pagos según propuso el recurrente no le beneficia, toda vez que, redundaría en 47 cargos por demora, a razón de $21.75, en comparación con un único cargo por demora, por el pago atrasado de febrero de 2022, si se computan los pagos según recomendado. Lo antes, sin contar que, el balance de principal al descubierto sería mayor llevando los pagos como el recurrente los ha realizado desde el día uno hasta el presente.

Con respecto a los pagos correspondientes a los meses de septiembre, noviembre y diciembre de 2020, de los cuales el recurrido requirió evidencia de pago, la OCIF reconoció que el recurrente demostró haberlos efectuado. Además, la agencia

instruyó al recurrido a remover los cargos por demora propios del mes de marzo de 2022 debido a que, según los términos y condiciones del contrato, no procede cobrarlos cuando el pago es recibido antes de la fecha de vencimiento por mora, como es el caso.

De otra parte, la OCIF recomendó al recurrente sufragar las mensualidades cada treinta (30) días o menos debido a que, al efectuar los pagos en periodos más cortos, el último pago que en su día realice será menor. Además, la OCIF hizo constar que el recurrente previamente acudió ante el foro administrativo federal, *Consumer Financial Protection Bureau,* sin tampoco lograr allí evidenciar los pagos realizados que presuntamente no han sido adjudicados.

A lo antes se añade que, en la *Resolución sobre Reconsideración,* la OCIF consignó que le brindó la oportunidad al recurrente para acreditar la totalidad de los pagos que ha realizado y para proveer una copia del cheque de Oriental Bank que, a su entender, no ha sido adjudicado, sin embargo, no hizo lo propio. También se desprende que, la OCIF solicitó al recurrido certificar el balance del principal que mantenía el financiamiento, a julio de 2019.

La OCIF agregó que, las partes se reunieron en una ocasión y lograron reconciliar pagos. Surge además que, el recurrido invitó al recurrente a una segunda reunión para presentar prueba sobre el presunto pago duplicado, sin embargo, este no compareció. A esos efectos, la OCIF hizo constar que "el Querellante según expone el Querellado no acudió a la segunda reunión para aclarar la prueba de un pago ni cumplió con lo que se le ordenó por esta Oficina de que sometiera el listado de los pagos y la evidencia conforme le fue requerido en la Resolución Acogiendo Reconsideración."[1]

---

[1] Énfasis suprimido. *Resolución sobre Reconsideración,* pág. 4.

Fundamentado en lo anterior, y ante la falta de prueba, la OCIF denegó el petitorio de reconsideración y sostuvo la desestimación de la querella. En su pronunciamiento expuso:

> [l]a Oficina le ha brindado múltiples oportunidades al Querellante de presentar su prueba y éste no lo ha hecho. Este Juez Administrativo no puede mantener un proceso de adjudicación abierto por el mero capricho de una parte. Esta agencia cumplió su deber ministerial al brindar el Foro al Querellante donde exponer su controversia y adjudicar la querella conforme la ley y los reglamentos.

Al resolver la OCIF ponderó, además, que el recurrido estuvo disponible para reunirse en una segunda ocasión para atender el presunto pago realizado dos (2) veces, sin embargo, el recurrente no compareció. Añadió que, le corresponde al recurrente el peso de presentar la evidencia de los pagos que reclama, sin embargo, no ha logrado cumplirlo.

Observamos que el recurrente presentó junto al recurso ante esta Curia, una tabla detallada de las fechas y cuantías de los pagos mensuales que no coincide con lo informado en la tabla que obra en el expediente original ante el organismo administrativo. Ello, con el presunto propósito de demostrar su postura mediante evidencia nueva pertinente a sus alegaciones. No obstante, conforme la normativa antes expuesta, nuestra función revisora está limitada a los documentos que tuvo ante sí la OCIF que surgen del expediente administrativo. Por ello, nuestra jurisdicción se limita a la revisión de las controversias previamente atendidas por la agencia recurrida, así como, la evidencia presentada por las partes, ante dicho foro administrativo, con anterioridad a la presentación del recurso de epígrafe. Por ello, no procede la revisión administrativa según solicitada. Resaltamos que, en la eventualidad de que el recurrente tenga evidencia de los pagos en disputa que alega haber realizado, deberá acreditarlos a la parte recurrida.

**IV.**

Por los fundamentos antes expuestos, confirmamos los dictámenes recurridos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones