Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Alexandra S. Franco O'Connell

Recurrente

vs.

Universidad de Puerto Rico (UPR) Recinto de Ciencias Médicas (RCM)

Recurrida

Junta de Gobierno de la Universidad de Puerto Rico (JGUPR)

Foro Apelado | KLRA202400513 | **REVISIÓN ADMINISTRATIVA** procedente de la Junta de Gobierno de la Universidad de Puerto Rico

Apelación Administrativa Núm.: JG 23-06

Sobre: Decisión de Apelación de la Junta de Gobierno Número 17 DAJG (2023-2024) de 25 de abril de 2024, enmendada. |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece la señora Alexandra S. Franco O'Connell (Sra. Franco O'Connell o recurrente) mediante recurso de revisión administrativa, y nos solicita la revocación de la "Decisión de Apelación" emitida el 24 de junio de 2024,[1] por la Junta de Gobierno de la Universidad de Puerto Rico (JGUPR o foro apelado). Mediante dicha determinación, la JGUPR declaró Sin Lugar el escrito de "Apelación" presentado por la recurrente, por falta de jurisdicción.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen del foro apelado por los fundamentos que expondremos a continuación.

---
[1] Notificada el 12 de julio de 2024.

**I.**

La Sra. Franco O'Connell fue admitida a sus 14 años a cursar estudios de medicina en la Escuela de Medicina del Recinto de Ciencias Médicas de la Universidad de Puerto Rico (Escuela de Medicina). A finales de su primer año, la recurrente solicitó la revisión de la calificación obtenida en el curso de Histología Médica. Atendido su escrito, el 19 de febrero de 2021, la recurrente, representada por sus padres el Lcdo. Alejandro Franco Fernández y la Sra. Rosemarie O'Connell, suscribió un "Acuerdo Confidencial de Transacción Extrajudicial" (Acuerdo de Transacción) con el Recinto de Ciencias Médicas (RCM) de la Universidad de Puerto Rico. En dicho acuerdo se pactó, entre otras cosas, que: (1) se le permitiría a la Sra. Franco O'Connell repetir unos cursos fracasados y, una vez aprobados, sería promovida al segundo año de estudios; (2) el RCM proveería ayuda y mentoría académica a la recurrente; y (3) de surgir alguna discrepancia o incumplimiento con el acuerdo, el Presidente de la Universidad de Puerto Rico (Presidente de la UPR) asumiría jurisdicción para agilizar los procedimientos.[2] Posterior a ello, el 7 de julio de 2022, las partes otorgaron un segundo "Acuerdo Confidencial de Transacción Extrajudicial" (Segundo Acuerdo de Transacción), en el cual se estipulaba, entre otros asuntos, que "de surgir discrepancias de interpretación se recurrirá a la Oficina de la Rectora con el fin de agilizar cualquier solución o disputa y evitar controversias adicionales".[3]

Así las cosas, el 12 de agosto de 2022, la Sra. Franco O'Connell presentó una "Moción Urgente Solicitando Cumplimiento de Acuerdo Transaccional, Cese y Desista de Acciones de Represalia y Mitigación de Daños" ante el Lcdo. Allan Charlotten

---

[2] Dicho acuerdo fue acogido en su totalidad por el Presidente de la UPR, en la "Resolución" del 4 de marzo de 2021. Véase apéndice del recurso de revisión administrativa, pág. 29-31.

[3] Véase apéndice del recurso de revisión administrativa, pág. 15.

Rivera, Oficial Examinador. Mediante "Resolución" emitida el 31 de agosto de 2022, el Lcdo. Allan Charlotten Rivera le comunicó a la recurrente que su designación como Oficial Examinador surgió en un ámbito de acción limitada, y que "cualquier planteamiento o derecho que le asista a las partes deberá ser llevado ante la consideración del Presidente de la Universidad y/o foro donde la parte Apelante entiende puede reclamar los derechos que le asisten".[4] Consecuentemente, el 23 de septiembre de 2022, la Sra. Franco O'Connell elevó a la Oficina del Presidente los mismos planteamientos esbozados en su escrito del 12 de agosto de 2022.

Posteriormente, el 28 de septiembre de 2022, el Decano Interino de la Escuela de Medicina, Dr. Humberto M. Guiot Martinez (Dr. Guiot Martinez), le comunicó por escrito a la recurrente que su solicitud de matrícula al segundo nivel del programa de Doctor en Medicina no procedía, ya que había fracasado unos cursos medulares. Sostuvo que esto constituía un incumplimiento con los reglamentos pertinentes, y que por dicha razón se había recomendado su separación permanente de la Escuela de Medicina. No obstante, se le concedió la oportunidad de darse de baja voluntariamente en un periodo de 10 días, y se le advirtió que, de estar insatisfecha con la determinación, podía apelar la misma.

Inconforme, el 5 de octubre de 2022, la recurrente dirigió un correo electrónico al Dr. Guiot Martínez e informó que la destitución era improcedente porque no había fracasado lo cursos que aludía la carta, sino que se reflejan como bajas parciales, según le fue permitido al amparo de los acuerdos transaccionales, mediante una carta del 5 de agosto de 2022, suscrita por la entonces Decana Interina, Dra. Ivonne Jiménez Vázquez. Asimismo, argumentó que la destitución era improcedente debido a

---

[4] Véase apéndice del recurso de revisión administrativa, pág. 5.

que se encontraban ante la consideración del Presidente de la UPR unos alegados incumplimientos con los acuerdos transaccionales, y que, además, dicha destitución provino del Decanato de la Escuela de Medicina, oficina que es de menor jerarquía a la Oficina del Rector del RCM, quien fue la suscribiente de los acuerdos de transacción.

El 11 de octubre de 2022, en cumplimiento con lo advertido en la carta del 28 de septiembre de 2022, el Dr. Guiot Martínez destituyó a la Sra. Franco O'Connell de la Escuela de Medicina. Señaló que, a la fecha del correo electrónico separando a la recurrente de la Escuela de Medicina, esta no se había dado de baja ni había sometido una solicitud de apelación.

En desacuerdo, el 14 de octubre de 2022, la Sra. Franco O'Connell se comunicó nuevamente con el Dr. Guiot Martínez, indicándole que constituía un acto de mendacidad el negarse a recibir el correo electrónico del 5 de octubre de 2022 como una reconsideración, considerando que los Policies and Guidelines for the Academic Evaluation and Advancement of Medical Students, School of Medicine of the University of Puerto Rico, de 5 de junio de 1997, no establecen un requisito de forma para instrumentos apelativos. Adicionalmente, notificó que estaría apelando dicha decisión ante la Oficina de Rectoría del RCM.[5]

Luego de varios trámites procesales, el 18 de julio de 2023,[6] el Presidente de la UPR emitió una "Resolución". En ésta, indicó que estuvo ante su consideración los escritos post-apelación que se presentaron con el propósito de impugnar los alegados incumplimientos con los acuerdos de transacción, y el correo electrónico del 14 de octubre de 2022 dirigido al presidente de la UPR, sobre "Solicitud Urgente: Cumplimiento de Acuerdo

---

[5] Véase Apéndice del recurso de revisión administrativa, pág. 38-39.
[6] Notificada el 19 de julio de 2023.

Transaccional Confidencial Caso 90.1159 y Endoso Acuerdo Legal Transaccional Confidencial" presentado ante su oficina luego de que la recurrente fuera destituida de la Escuela de Medicina. Señaló en su "Resolución" que se acogió el informe preparado por el Oficial Examinador, Lcdo. Frank Gotay Barquet, en el cual se encontró que la Sra. Franco O'Connell no apeló la determinación del Decano Interino, Dr. Guiot Martínez, sobre destitución ante el Rector del RCM, según exige el Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico, Reglamento Núm. 9054 de 23 de octubre de 2018, (Reglamento sobre Procedimientos Apelativos). Ante dicho incumplimiento, se declararon No Ha Lugar los escritos post-apelación por falta de jurisdicción. Por su parte, añadió que la insuficiencia académica de la recurrente constituía un incumplimiento con los arreglos pactados en los acuerdos de transacción, y que, ante su expulsión, los alegados incumplimientos con dichos acuerdos se tornaron irrelevantes e inconsecuentes.

En descontento, el 31 de julio de 2023, la Sra. Franco O'Connell presentó una "Moción de Reconsideración", la cual fue declarada No Ha Lugar el 7 de agosto de 2023.[7] Insatisfecha con dicha determinación, el 8 de septiembre de 2024, la recurrente presentó ante la JGUPR una apelación titulada "Moción subiendo proceso apelativo al foro administrativo de la Junta de Gobierno de la Universidad de Puerto Rico", e impugnó la determinación del Presidente de la UPR.

El 24 de abril de 2024,[8] la JGUPR emitió una "Decisión de Apelación" acogiendo el "Informe de la Asesora Legal" (Informe) del 17 de abril de 2024, donde se recomendó confirmar la "Resolución" del Presidente de la UPR. El raciocinio del informe se fundamentó

---

[7] Notificada el 9 de agosto de 2023.
[8] Notificada el 12 de julio de 2024.

en el hecho de que la recurrente solo impugnó los alegados incumplimientos con los acuerdos de transacción, más no así su destitución del RCM. Por ende, no se agotaron los remedios administrativos según exige la Ley de Procedimiento Administrativo Uniforme, *infra*, y el Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico, *supra*. Según el Informe, la recurrente incumplió con agotar los procedimientos administrativos ante instancias de menor jerarquía. Ante la inexistencia de una determinación del Rector del RCM que pudiera ser evaluada por el Presidente de la UPR, se recomendó la desestimación del recurso. Se añadió que los argumentos referentes al incumplimiento con el Acuerdo de Transacción son académicos, toda vez que se levantaron cuando la recurrente ya no era estudiante del RCM.

El 1 de agosto de 2024, la Sra. Franco O'Connell presentó una "Solicitud de Reconsideración", la cual no fue atendida dentro del término correspondiente. Aún insatisfecha, recurre ante este foro apelativo intermedio mediante recurso de revisión administrativa, y señala la comisión de los siguientes errores, a saber:

*[1]*

*Erró la Junta de Gobierno de la Universidad de Puerto Rico al no asumir jurisdicción ante los asuntos legítima y oportunamente planteados por la apelante y confirmar la determinación sobre falta de jurisdicción, a su vez errónea, del presidente de la Universidad de Puerto Rico.*

*[2]*

*Erró la parte apelada al no cumplir con su deber fiduciario y adjudicar en sus méritos los señalamientos de incumplimiento con la Ley, los reglamentos y las obligaciones contractuales contraída como institución de enseñanza superior.*

**II.**

**A.**

La sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), dispone lo siguiente:

> *Una parte adversamente afectada por una orden o resolución final de una agencia **y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.*

(Énfasis nuestro).

Mediante la precitada disposición legal se recoge la llamada doctrina de agotamiento de remedios administrativos, una norma de autolimitación judicial cuyo propósito es evitar la intervención judicial a destiempo. *Simpson y otro v. Consejo de Titulares*, 2024 TSPR 64, 213 DPR ____ (2024). Esta doctrina supone que, antes de acudir a un tribunal, la parte que desea obtener un remedio deberá utilizar todos los medios administrativos disponibles, pues, de lo contrario, la revisión judicial no estará disponible. *AAA v. UIA*, 200 DPR 903, 913 (2018).

Ahora bien, dicha doctrina no es absoluta y admite excepciones. A esos efectos, la sección 4.3 de la Ley Núm. 38-2017, 3 LPRA sec. 9673, establece lo siguiente:

> *El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.*

Por consiguiente, ante los supuestos antes mencionados, se justifica el preterir el trámite administrativo y el tribunal podrá conceder el remedio solicitado. De lo contrario, los tribunales deberán abstenerse de intervenir. *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 851 (2008).

**B.**

El Art. 1230 del Código Civil, 31 LPRA sec. 9751, define el contrato como "el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Además, establece que "[e]l contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva". Art. 1237 del Código Civil, 31 LPRA sec. 9771. Una vez las partes prestan su consentimiento, estas quedan obligadas al fiel cumplimiento de la obligación pactada, puesto que "[l]o acordado en los contratos tiene fuerza de ley entre las partes". Art. 1233 del Código Civil, 31 LPRA sec. 9754. Esa obligación que posee una parte para cumplir con lo pactado "se fundamenta en el principio de la buena fe, el cual exige no defraudar la confianza que otro ha puesto en una promesa o conducta". *BPPR v. Sucn. Talavera*, 174 DPR 686, 693 (2008). Así, para que un contrato se considere válido, se requiere que concurran tres elementos esenciales, a saber: (1) consentimiento de los contratantes, (2) objeto cierto del contrato y (3) la causa de la obligación que se establezca. *Aponte Valentín v. Pfizer Pharmaceuticals, LLC,* 208 DPR 263, 284 (2021). La falta de alguno de ellos será causa de nulidad del contrato y, por tanto, inexistente en el orden jurídico. *Rosario Rosado v. Pagán Santiago,* 196 DPR 180, 188 (2016).

En Puerto Rico rige el principio de libertad de contratación. Por tanto, una persona puede "contratar o no hacerlo, y hacerlo, o no, con determinada persona". Art. 1232 del Código Civil, 31 LPRA sec. 9753. Asimismo, las partes pueden acordar cualquier tipo de cláusula, siempre y cuando ésta "no sea contraria a la ley, a la moral o al orden público". *Íd.*

### III.

Según explicamos, la JGUPR emitió una "Decisión de Apelación" confirmando la "Resolución" emitida por el Presidente de la UPR, quien declaró No Ha Lugar los escritos post-apelación presentados por la recurrente, por falta de jurisdicción. Específicamente, porque la Sra. Franco O'Connell no agotó los procedimientos administrativos correspondientes, toda vez que no apeló ante el Rector del RCM la determinación de destitución emitida por el Decano Interino, el Dr. Guiot Martínez, conforme lo dispone el Reglamento sobre Procedimientos Apelativos, *supra*.

En su recurso, la Sra. Franco O'Connell argumenta que esta determinación "tergiversa la verdad y reniega de una obligación contractual válidamente otorgada que nunca fue anulada o dejada sin efecto". Lo anterior, debido a que en el Acuerdo de Transacción del 19 de febrero de 2021 se pactó que, con el fin de agilizar los procedimientos, la oficina designada a atender controversias al amparo del acuerdo sería la del Presidente de la UPR.[9] Por tanto, entiende la recurrente que quedaron claros todos los esfuerzos que realizó para hacer valer la jurisdicción que la propia Universidad de Puerto Rico se impuso mediante contrato, pero que luego rehusó reconocer. Pese a ello, la recurrente también sostiene que, el 14 de octubre de 2022, presentó un escrito de apelación ante el Dr. Carlos Ortiz Reyes, Rector Interino del RCM.[10]

---

[9] Véase Apéndice del recurso de revisión administrativa, pág. 15.
[10] Véase recurso de revisión administrativa, pág. 9, párrafo. 3.

Por su parte, la JGUPR se reitera en que la Sra. Franco O'Connell no agotó los remedios administrativos, por lo que el Presidente de la UPR carecía de jurisdicción para atender la controversia. Su contención es que, según el Reglamento sobre Procedimientos Apelativos, *supra*, las decisiones tomadas por el decano son apelables ante el rector y "la recurrente no presentó apelación ante el Rector del RCM".[11] Aduce que la Sra. Franco O'Connell "se limitó a solicitar al Presidente de la UPR que hiciera cumplir su acuerdo con el RCM",[12] y que, aunque la recurrente alega que presentó un escrito de apelación ante el Dr. Carlos Ortiz Reyes, Rector Interino del RCM, esta "no acompaña en su recurso copia de tal escrito. La realidad es que no existe."[13]

Tras un análisis del derecho aplicable y de los escritos presentados por ambas partes, concluimos que la JGUPR actuó correctamente al declarar Sin Lugar la apelación interpuesta por la Sra. Franco O'Connell.

Comencemos adentrándonos en los argumentos referentes a los acuerdos de transacción pactados entre la recurrente y el RCM. Aunque la Sra. Franco O'Connell acertadamente argumenta que en el Acuerdo de Transacción del 19 de febrero de 2021 se le otorgó al Presidente de la UPR —con el propósito de agilizar los procedimientos— la autoridad para atender asuntos originados al amparo de dicho acuerdo, lo cierto es que, las partes posteriormente pactaron un segundo Acuerdo de Transacción el 7 de julio de 2022 que modificó esta cláusula. La nueva disposición, estipulada en el inciso (s) del Segundo Acuerdo de Transacción, dispone que "de surgir discrepancias de interpretación se recurrirá a la Oficina de la Rectora con el fin de agilizar cualquier solución o disputa y evitar controversias

---

[11] Véase, alegato en oposición a la pág. 7.
[12] *Íd.*, a la pág. 8.
[13] *Íd.*, a la pág. 7.

adicionales".[14] De una lectura de ambas estipulaciones surge con claridad el efecto de transferir la autoridad interpretativa y responsabilidad adjudicativa sobre el acuerdo, del Presidente de la UPR al Rector del RCM.

Aunque reconocemos que en el Segundo Acuerdo de Transacción se incluyó una cláusula que indicaba que "[l]as Partes acuerdan que esta estipulación no invalida, sustituye o limita los derechos reconocidos a la estudiante en la estipulación suscrita en la apelación ante la Oficina del Presidente de la Universidad de Puerto Rico, en el caso número 90-1159 del 19 de febrero de 2021", dicha cláusula está ubicada justo antes del inciso (s), entiéndase, la disposición que delega al Rector la interpretación de la totalidad del acuerdo.  Existe una evidente incompatibilidad irreconciliable entre ambas disposiciones y, ante un andamiaje jurídico que reconoce la libertad de contratación y los efectos modificativos que esta puede provocar, lo procedente es concluir que, ante la posterioridad del Segundo Acuerdo de Transacción, su inciso (s) – que era la disposición vigente al momento que la Sra. Franco O'Connell fue destituida de la Escuela de Medicina – gobernaba el proceso apelativo que esta debía obedecer.

Por su parte, el Art. 9 del Reglamento sobre Procedimientos Apelativos, *supra,* establece dónde se presentarán las apelaciones, dependiendo de la autoridad que emitió la decisión apelada. En términos literales, el antedicho artículo lee como sigue:

> *A. Apelaciones ante el Rector*
>
> *Serán apelables ante el rector, las decisiones tomadas por los decanos o cualquier otro funcionario que en el desempeño de sus funciones responda directamente a este.* […]
>
> *B.* […]
>
> *C. Apelaciones ante el Presidente el de la Universidad*
>
> *El Presidente entenderá y resolverá las apelaciones que interponga cualquier parte interesada que se considere*

---

[14] Véase Apéndice del recurso de revisión administrativa, pág. 15.

*adversamente afectada por una decisión o resolución emitida por un rector o director.*

*D. Apelaciones ante la Junta de Gobierno*

*La Junta de Gobierno entenderá y resolverá las apelaciones que interponga cualquier parte interesada que se considere adversamente afectada por una decisión o resolución emitida por el Presidente de la Universidad de Puerto Rico, la Junta Universitaria, la Junta de Retiro o la Junta de Apelaciones del Personal No Docente del Sistema Universitario.*

Como puede observarse, la antedicha disposición exige que las decisiones tomadas por los decanos sean apeladas ante el rector. A su vez, las determinaciones del rector pueden ser apeladas ante el Presidente de la UPR. Finalmente, las resoluciones emitidas por el Presidente de la UPR pueden apelarse ante la JGUPR.

En el caso ante nos, la Sra. Franco O'Connell estaba inconforme con la determinación de destitución emitida por el Decano Interino, el Dr. Guiot Martínez. Conforme el Segundo Acuerdo de Transacción y el Reglamento sobre Procedimientos Apelativos, *supra*, dicha determinación tenía que apelarse ante el Rector Interino del RCM, el Dr. Carlos Ortiz Reyes. Aunque la recurrente alegó que presentó un escrito de apelación ante el Rector del RCM, lo cierto es que, del expediente solo surge una comunicación del 14 de octubre de 2022 con el Decano Interino, el Dr. Guiot Martínez, mas no con el Rector Interino del RCM, el Dr. Carlos Ortiz Reyes. Por consiguiente, a pesar de que la recurrente pretendió demostrar su cumplimiento con el Segundo Acuerdo de Transacción y el Reglamento sobre Procedimientos Apelativos, *supra*, ésta no logró fundamentar su alegación con evidencia, ya que no obra en el expediente ningún escrito de apelación presentado ante el Rector Interino del RCM.

Por las razones que anteceden, la Sra. Franco O'Connell incumplió con el procedimiento apelativo, según acordado por las partes en el inciso (s) del Segundo Acuerdo de Transacción y el

dispuesto en Reglamento sobre Procedimientos Apelativos, *supra*, toda vez que no recurrió de la decisión emitida por el Decano Interino, Dr. Guiot Martínez, ante el Rector Interino del RCM, el Dr. Carlos Ortiz Reyes.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, confirmamos la determinación emitida por la Junta de Gobierno de la Universidad de Puerto Rico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones