Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **PRO STRUCTURAL SOLUTIONS, LLC**<br><br>Recurrentes<br><br>v.<br><br>**DEPARTAMENTO DE DESARROLLO ECONOMICO OFICINA DE GERENCIA DE PERMISOS MUNICIPIO AUTONOMO DE GUAYNABO PA ING. JESUS RODRIGUEZ QUIÑONES**<br><br>Recurridos | KLRA202400518 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Desarrollo Económico y Comercio Oficina de Gerencia de Permisos<br><br>Núm. de Caso:<br>**2023-512615-PCOC-039544**<br><br>Revisión Núm.:<br>**2024-578377-SDR-300910**<br><br>Sobre: **Revisión Administrativa de Revocación Permiso** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece ante nos, Pro Structural Solutions, LLC, en adelante Pro Structural o recurrente, solicitando que revisemos la *"Resolución de Revisión Administrativa"* emitida por la División de Revisiones Administrativas de la Oficina de Gerencias de Permisos, en adelante OGPe, la cual declaró "Ha Lugar" la *"Solicitud de Revisión Administrativa"* solicitada por la Oficina de Permisos Urbanísticos del Municipio Autónomo de Guaynabo, en adelante, Oficina de Permisos de Guaynabo.

Por los fundamentos que expondremos a continuación, *confirmamos el dictamen recurrido.*

**I.**

El 28 de septiembre de 2023, Pro Solutions presentó una solicitud de permiso de construcción para la remodelación de una

residencia ubicada en la Urbanización Torrimar en Guaynabo, Puerto Rico.[1] Esto lo hizo por conducto del Profesional Autorizado Ing. Jesús Rodríguez Quiñones, en adelante, PA Rodríguez Quiñones, quien también emitió una "*Notificación de Requisitos para Aprobación de Permiso de Construcción*" para la remodelación interior de la residencia.[2] Así las cosas, el 14 de mayo de 2024, el profesional autorizado emitió el permiso de construcción solicitado con la numeración 2023-512615-PCOC-039544.[3]

En desacuerdo con dicha determinación, el 22 de mayo de 2024, el Municipio de Guaynabo presentó una "*Solicitud de Revisión Administrativa*" ante la OGPe, y alegó las siguientes fallas en el expediente administrativo:[4]

a) No se identificó la titularidad de la propiedad, pues solamente se sometió la primera página de la Escritura Número 37 de Compraventa.

b) No se identificó una autorización de Pro Solutions al PA Rodríguez Quiñones para presentar la solicitud de permiso de construcción.

c) No se identificó una evaluación de los parámetros de construcción.

d) No se identificó la licencia del Departamento de Estado del inspector de la obra, el Ing. José Moronta Guzmán.

e) No se cargó al expediente permisos o trámites relacionados al caso.

f) No se presentó una evaluación de los parámetros aplicables que utilizó para realizar la certificación final.

g) No se notificó al Municipio de Guaynabo de la radicación de la solicitud de permiso.

h) No se cumplió con los Requisitos del Reglamento Conjunto de 2023 para la expedición del permiso en cuestión.

Así las cosas, el 7 de junio de 2024, la "*Solicitud de Revisión Administrativa*" fue acogida por la OGPe, y esta ordenó la

---

[1] Resolución de Revisión Administrativa, Determinación de Hecho núm. 1.
[2] *Id.*, Determinación de Hecho núm. 11.
[3] *Id.*, Determinación de Hecho núm. 12.
[4] *Id.*, Determinación de Hecho núm. 13.

celebración de una vista administrativa en sus méritos el 25 de junio de 2024.[5]

Luego de celebrada la vista, la OGPe emitió la *"Resolución de Revisión Administrativa"*, el 20 de agosto de 2024.[6] En síntesis, determinó que el inspector no cumplió con el proceso ni con los requisitos establecidos para la concesión del permiso de construcción en cuestión. Fundamentó su decisión en que, en el expediente del caso 2023-512615-PCOC-039544, no se identificó:

a) Evidencia de titularidad de la propiedad

b) Autorización de Pro Structural al profesional autorizado para presentar la solicitud del permiso de construcción

c) Ningún documento del Departamento de Estado sobre Pro Structural, salvo una resolución corporativa sin el sello de la corporación y sin notarizar

d) Una evaluación de los parámetros de construcción del proyecto

e) La licencia del Departamento de Estado del Ing. José Moronta Guzmán, ya que la evidencia sometida indicaba que había expirado previo a que se presentara la solicitud del permiso

f) Notificación de la presentación del permiso al Municipio de Guaynabo, ni su aprobación

Además, sostuvo que tras examinar la prueba presentada en la vista y la que obra en el expediente, el Municipio de Guaynabo rebatió la presunción de corrección que permeaba la concesión del permiso solicitado, por estar incompleto el expediente de la solicitud y no cumplir con las disposiciones de ley.

Inconforme con la determinación de la OGPe, el 20 de septiembre de 2024, la recurrente presentó un recurso de revisión administrativa ante esta Curia, y le imputó a la OGPe el siguiente señalamiento de error:

ERRÓ LA OFICINA DE GERENCIA Y PERMISOS AL DEJAR SIN EFECTO EL PERMISO DE CONSTRUCCIÓN 2023-512615-PCOC-039544 SIN ANTES PERMITIR LA

---

[5] Resolución de Revisión Administrativa, Determinación de Hecho núm. 14 y 15.
[6] *Id.*, pág. 1.

CORRECCIÓN DE LAS FALLAS ENCONTRADAS, LO QUE CONSTITUYE UNA MEDIDA SANCIONADORA DRASTICA Y DESPROPORCIONADA.

El 24 de septiembre de 2024, emitimos *"Resolución"* otorgándole cinco (5) días a la recurrente para evidenciar el cumplimiento con la Regla 58(B) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.58. Además, concedimos a los recurridos treinta (30) días para expresarse sobre el recurso, conforme dispone la Regla 63 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.63. El 30 de septiembre de 2024, la OGPe presentó su escrito en oposición, cumpliendo así con lo ordenado.

Con el beneficio de la comparecencia de ambas partes y perfeccionado el recurso, procedemos a expresarnos.

## II.

### A. Revisión Judicial de Agencias Administrativas

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de los márgenes de las facultades que le fueron delegadas por ley. A su vez, posibilita el poder constatar que los organismos administrativos "cumplan con los mandatos constitucionales que rigen el ejercicio de su función, especialmente con los requisitos del debido proceso de ley". *Simpson y otros v. Junta de Titulares*, 2024 TSPR 64, 213 DPR ___ (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 2024 TSPR 29, 213 DPR ___ (2024); *Comisión Ciudadanos v. G.P. Real Prop.,* 173 DPR 998, 1015 (2008). De esta forma, se vela por que los ciudadanos tengan "un foro al cual recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias". Id.

En términos simples, la revisión judicial constituye "el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal". *Simpson y otros v. Junta de Titulares*, supra; *Voilí Voilá*

*Corp. et al. v. Mun. Guaynabo,* supra; *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 543 (2006); Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, Ley 38-2017, 3 LPRA sec. 9672. La precitada Ley es la que autoriza la revisión judicial de las decisiones de las agencias administrativas. *OEG v. Martínez Giraud,* 210 DPR 79, 88 (2022); LPAUG, supra, secs. 9671-9677.

Ahora bien, es harto conocido en nuestro ordenamiento jurídico, que los tribunales deben brindarles la mayor deferencia posible a las decisiones administrativas, por gozar estas de una presunción de validez proveniente de la experiencia que se le atribuye a las mismas. *Transporte Sonell, LLC v. Junta de Subastas,* 2024 TSPR 82, 214 DPR ___ (2024); *Otero Rivera v. Bella Detail Group, Inc.,* 2024 TSPR 70, 213 DPR___ (2024); *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud,* supra, pág. 89; *Super Asphalt v. AFI y otro,* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *Mun. de San Juan v. CRIM,* 178 DPR 163, 175 (2010). Al ejercer la revisión judicial, los tribunales no pueden descartar de forma absoluta la determinación de una agencia, sino que primero deben examinar la totalidad del expediente y determinar si la interpretación de la agencia representó un ejercicio razonable de su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Otero v. Toyota,* 163 DPR 716, 729 (2005).

Esto es así, toda vez que las determinaciones de los organismos administrativos están revestidas de una presunción de regularidad y corrección debido a su vasta experiencia y conocimiento especializado, lo que significa que estas merecen deferencia por parte de los foros judiciales. *Transporte Sonell, LLC v. Junta de Subastas,* supra; *Otero Rivera v. Bella Detail Group, Inc.,*

supra; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *OEG v. Martínez Giraud,* supra, pág. 89; *Super Asphalt v. AFI y otro*, supra, pág. 819; *Graciani Rodríguez v. Garage Isla Verde*, supra, pág. 126; *Rolón Martínez v. Supte. Policía*, supra, pág. 35; *González Segarra v. CFSE,* 188 DPR 252, 276 (2013); *Mun. de San Juan v. CRIM*, supra, pág. 175.

Sin embargo, aunque los tribunales revisores están llamados a conceder deferencia amplia a las determinaciones de las agencias administrativas, tal norma no es absoluta. En otras palabras, no puede imprimírsele un sello de corrección automático bajo el pretexto de deferencia a aquellas determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Super Asphalt v. AFI y otro*, supra, pág. 819; *Graciani Rodríguez v. Garage Isla Verde*, supra, pág. 126; *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016); *Mun. de San Juan v. CRIM*, supra, pág. 175.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. LPAUG, supra, sec. 9675; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. Id.

En resumen, ante una revisión judicial, el tribunal tomará en consideración lo siguiente: (a) presunción de corrección; (b) especialización del foro administrativo; (c) no sustitución de criterios; (d) deferencia al foro administrativo; y (e) que la decisión administrativa solo se dejará sin efecto ante una actuación arbitraria, ilegal o irrazonable, o ante determinaciones huérfanas de prueba sustancial del expediente que constituyen un abuso de discreción.

**B. Ley para la Reforma del Proceso de Permisos de Puerto Rico**

La Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161 de 1 de diciembre de 2009, 23 LPRA sec. 9011 et seq., en adelante, Ley de Permisos, rige el marco legal y administrativo relacionado a las solicitudes, evaluaciones, concesiones y denegatorias de permisos de uso y construcción de Puerto Rico. La aprobación de esta Ley creó la OGPe, entidad encargada de la evaluación, concesión y denegatoria de permisos de uso, construcción y desarrollo de terrenos en Puerto Rico. *Horizon Media Corp. v. Junta Revisora*, 191 DPR 228, 236 (2014). En su Artículo 11.1, la Ley Núm. 161-2009, supra, sec. 9021m, creó la División de Revisiones Administrativas, como aquel organismo adscrito a la Oficina de Gerencia de Permisos, que tendrá la función de revisar las actuaciones y determinaciones de la Junta Adjudicativa, la OGPe, los Profesionales Autorizados y los Municipios Autónomos con Jerarquía de la I a la V.

En lo aquí pertinente, la Ley de Permisos, supra, dispone en su Artículo 7.1, lo siguiente:

> Se crea la figura del *Profesional Autorizado* los cuales serán Agrimensores, Agrónomos, Arquitectos, Geólogos, *Ingenieros* y Planificadores todos licenciados, asociados, en entrenamiento, o en adiestramiento, según sea el caso de cada profesión, y *que obtengan la autorización*, así como cualquier profesional licenciado en áreas relacionadas a la construcción, conforme al Artículo 7.2 y 7.3 de esta Ley.
>
> Los Profesionales Autorizados *evaluarán o expedirán permisos ministeriales*, en cumplimiento con las disposiciones de esta Ley y cualquier otra disposición legal aplicable.
> […]
> 23 LPRA sec. 9017
> (Énfasis nuestro).

Por otro lado, el Artículo 7.3 de la Ley de Permisos, supra, sec. 9017b, dispone que:

A. *El Profesional Autorizado estará limitado a la otorgación o denegación de las siguientes determinaciones finales y permisos asociados a:* (a) permiso de uso; (b) permiso de demolición; (c) *permiso de construcción para remodelar*; (d) permisos generales, excepto según dispuesto en el Artículo 2.5 de esta Ley; (e) determinaciones de exclusiones categóricas; (f) permiso de construcción; (g) permiso de obra de urbanización vía excepción; (h) aquellos permisos únicos establecidos en el Reglamento Conjunto.

[…]

*Toda determinación final o certificación expedida por un Profesional Autorizado incluirá en el expediente una evaluación de los parámetros aplicables conforme a las leyes y reglamentos vigentes que utilizó para realizar la misma.*

B. Los Profesionales Autorizados podrán emitir todos los permisos señalados en el inciso (A) de este Artículo, en los Municipios Autónomos con Jerarquía de la I a la V, utilizando el Sistema Unificado de Información.

[…]

C. […]

*Los Profesionales Autorizados notificarán a los Municipios Autónomos con Jerarquía de la I a la V cada solicitud de permiso que se radique ante ellos, así como cada permiso que otorguen* para proyectos que ubiquen en el Municipio Autónomo con Jerarquía de la I a la V, en un término de veinticuatro (24) horas contadas a partir de la otorgación del permiso.

[…]

(Énfasis suplido)

**C. Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios**

El Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9473 de 16 de junio de 2023, en

adelante, Reglamento Conjunto de 2023, fue adoptado con carácter de emergencia y vigencia inmediata. Este fue aprobado, mediante la Resolución JP-RP-41, el mismo día que nuestro Tribunal Supremo emitió una Opinión *Per Curiam* mediante la cual declaró nulos los reglamentos conjuntos emitidos para el año 2019 y 2020. *Martínez Fernández et. al. v. OGPE et al.*, 212 DPR 285, 290 (2023). Posteriormente, el Reglamento Conjunto 2023 fue aprobado para continuar las labores de recuperación y reconstrucción de Puerto Rico, tras el paso de huracanes y terremotos, proveyendo al Estado un reglamento atemperado a las nuevas realidades del país.

En lo aquí pertinente, el Reglamento Conjunto 2023 regula la figura de profesionales autorizados en su Regla 2.3.1. En específico, dispone en su Sección 2.3.1.1, lo siguiente:

a. La Ley 161-2009 crea la figura del Profesional Autorizado (PA), quienes serán:
   1. Agrimensores Licenciados
   2. Agrónomos Licenciados
   3. Arquitectos Licenciados
   4. Geólogos Licenciados
   5. *Ingenieros Licenciados*
   6. Planificadores Licenciados
   7. Cualquier otro profesional licenciado en áreas relacionadas a la construcción
b. Para poder ser acreditados y ejercer como PA, estos profesionales licenciados deberán cumplir con todos los requisitos establecidos en el Reglamento de Regulación Profesional y con cualquier Carta Circular, Resolución u Orden que emita la OGPe.
[…]
(Énfasis suplido).

A su vez, en su Sección 2.3.1.2, se establecen los permisos y licencias a ser expedidas por los profesionales autorizados:

a. Los siguientes permisos o determinaciones podrán ser otorgadas o denegadas por un PA, siempre y cuando sean de carácter ministerial:
   1. *Permiso de construcción, excepto para actividades de obras de urbanización*

2. Determinaciones de exclusiones categóricas

3. Permisos Únicos, según establecido en este Reglamento

[...]

f. *Toda determinación final o certificación expedida por un PA incluirá en el expediente una evaluación de los parámetros aplicables conforme a las leyes y reglamentos vigentes que utilizó para realizar la misma.* Dicha evaluación no requerirá determinaciones de hechos ni conclusiones de derecho.

(Énfasis suplido).

En cuanto al "Ámbito de Acción" de los profesionales autorizados, la Sección 2.3.1.5 dispone que:

a. El PA solamente podrá evaluar, expedir o denegar aquellos permisos, licencias o certificaciones de carácter ministerial, con exclusión de todo trámite discrecional, y realizarán la revisión y evaluación de los documentos que el solicitante le presente, de conformidad con los requisitos establecidos en la Ley 161-2009, en el Reglamento Conjunto y cualquier otra disposición legal aplicable.

[...]

c. La revisión que ha de realizar el PA al emitir un permiso, licencia o certificación deberá incluir lo siguiente:

1. *Que el solicitante tenga la capacidad jurídica para solicitar el servicio*, mediante los métodos que establezca el Reglamento Conjunto.

2. Que el asunto ante su consideración sea de los delegados a los PA mediante la Ley 161-2009, este Reglamento Conjunto y cualquier otro reglamento adoptado a su amparo.

3. Que el asunto ante su consideración sea ministerial, según se define este término en la Ley 161-2009, y en este Reglamento Conjunto.

4. *Que se le hayan presentado todos los documentos necesarios para el tipo de trámite que se solicita*, según especificado en la Ley 161-2009, los reglamentos adoptados a su amparo y la Ley Núm. 135, antes citada.

   a) Esto incluye verificar que las solicitudes para permisos de construcción vengan acompañadas de los planos certificados y demás certificaciones requeridas por Ley.

b) Sin embargo, en el caso de solicitudes ministeriales que no requieran la certificación de planos, el PA deberá asegurarse de que el diseño o proyecto presentado cumple con todos los parámetros requeridos.

[...]

d. *Toda determinación final o certificación expedida por un PA incluirá en el expediente una evaluación de los parámetros aplicables que utilizó para realizar la misma conforme a las leyes y reglamentos vigentes*, la cual no requerirá determinaciones de hechos ni conclusiones de derecho, además de, como mínimo deberá verificar e incluir los parámetros más importantes que gobiernan los permisos ministeriales:

1. Distrito de Calificación, Distritos Especiales, Distritos o Zonas Sobrepuestos
2. Distrito en Mapa de Inundación
3. Exclusión Categórica que aplica
4. Usos
5. Altura
6. Tamaño del Solar
7. Densidad
8. Área de Ocupación
9. Área Bruta de Piso
10. Patio Delantero
11. Patio Lateral Derecho
12. Patio Lateral Izquierdo
13. Patio Posterior
14. Área de Carga y Descarga

[...]

(Énfasis suplido).

La presentación de solicitudes de permiso se rige por la Regla 2.1.9, la cual establece en su Sección 2.1.9.1 que:

a. Toda solicitud de recomendaciones, consultas, licencias, autorizaciones, certificaciones o permisos relacionados al desarrollo y uso de terrenos en Puerto Rico, *podrá ser promovida por el dueño, optante o arrendatario de la propiedad debidamente autorizado*, por sí o a través de su representante autorizado, por el Jefe de la Agencia o su representante autorizado en el caso de los proyectos públicos.

[...]

(Énfasis suplido).

Además, la Sección 2.1.9.5 dispone que:

a. Toda solicitud relacionada al desarrollo y uso de terrenos en Puerto Rico, cualquier otra autorización o trámite definido en este Reglamento, *será promovida por el dueño, optante o arrendatario de la propiedad con autorización*, por si o a través de su representante autorizado por el Jefe de la Agencia o su representante autorizado en caso de un proyecto público. Aquellas solicitudes presentadas al amparo de lo dispuesto en la Ley Núm. 135 de 15 de junio de 1967, según enmendada, conocida como "Ley de Certificaciones" (Ley Núm. 135), serán promovidas exclusivamente por los profesionales designados en dicha Ley.

b. *Tendrá que incluirse evidencia fehaciente que establezca legitimación activa de que el proponente es dueño*, o es optante o arrendatario debidamente autorizado por el legítimo dueño de la propiedad, mediante copia simple de uno o más de estos documentos:
   1. Escritura pública.
   2. Contrato de arrendamiento.
   3. Contrato de opción de compra.
   4. Certificación registral.
   5. Declaratoria de herederos.
   6. Transacción de Terrenos debidamente aprobada por la JP
   7. *De ser una persona jurídica, se presentará documentación que acredite su existencia y autorización para hacer negocios en Puerto Rico o Estados Unidos.*

[...]

(Énfasis suplido).

### III.

Pro Solutions recurre ante nos mediante un recurso de revisión administrativa. Solicita que se revoque la "*Resolución de Revisión Administrativa*" emitida por la OGPe, a los efectos de que se le ofrezca un periodo para subsanar las faltas cometidas. En específico, la recurrente plantea que la revocación del permiso en cuestión es una sanción desproporcional, drástica y onerosa, ya que las faltas cometidas son de fácil corrección. Además, coincide con la OGPe en que mediaron omisiones de documentación en el

trámite administrativo realizado, previa la aprobación del permiso por el profesional autorizado. Por lo antes expuesto, justipreciamos que a la recurrente *no le asiste la razón*. Veamos.

Surge del expediente de la solicitud de permiso ante nuestra consideración que el mismo está incompleto, y no cumplió con los requisitos procesales establecidos por la Ley de Permisos y el Reglamento Conjunto 2023.

Primero, el titular de la propiedad en cuestión no incluyó evidencia fehaciente que estableciera su legitimación activa como dueño de la residencia, conforme la Sección 2.1.9.5(b) del Reglamento Conjunto 2023, supra. La recurrente se limitó a someter la primera página de la Escritura Número 37 de Compraventa Asumiendo Hipoteca, y no acreditó la titularidad de la residencia. Segundo, del expediente tampoco surge documentación que acredite la existencia y autorización de la recurrente para hacer negocios en Puerto Rico, tal y como establece la Sección 2.1.9.5(b)(7) del Reglamento Conjunto 2023, supra. En el expediente solamente obra una resolución corporativa sin el sello de la corporación y sin notarizar.

A su vez, no surge del expediente que la recurrente haya facultado al profesional autorizado para presentar la solicitud de permiso objeto de revisión. Cuarto, existe una omisión de la evaluación de los parámetros de construcción aplicables que utilizó el profesional autorizado para conceder el permiso solicitado, incumpliendo así con el Artículo 7.3 de la Ley de Permisos, supra, y la Sección 2.3.1.2 del Reglamento Conjunto 2023, supra. Finalmente, el permiso de construcción expedido tampoco fue notificado al Municipio de Guaynabo, en contravención con el Artículo 7.3 de la Ley de Permisos, supra, y la Sección 2.3.1.4 del Reglamento Conjunto 2023.

Así las cosas, resulta forzoso concluir que *la OGPe* **actuó conforme a derecho al revocar el permiso objeto de revisión, por entender que el Municipio de Guaynabo rebatió la presunción de corrección que permeaba la concesión del mismo**. Al evaluar el expediente de la solicitud, corroboramos que este está incompleto y en incumplimiento con la ley. Incluso, la recurrente está de acuerdo con la existencia de faltas, ya que solicita que se le ofrezca un periodo para subsanarlas. Luego de realizar nuestra función revisora, no encontramos que la decisión de la OGPe haya sido arbitraria, irrazonable o ilegal. Tampoco hallamos error en su interpretación o aplicación del derecho. Así, *nos corresponde confirmar la determinación de la OGPe.*

## IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones