Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JERRY S. QUIÑONES DOMENECH<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400709 | Revisión Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Sobre:<br>No Concesión del Privilegio de Libertad Bajo Palabra – Volver a Considerar<br><br>Caso Número:<br>147551 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2025.

El recurrente, señor Jerry S. Quiñones Domenech comparece ante nos para que dejemos sin efecto la determinación notificada por la Junta de Libertad Bajo Palabra, el 12 de noviembre de 2024. Mediante la misma, el referido organismo denegó la concesión del privilegio de libertad bajo palabra al recurrente.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* administrativa recurrida.

**I**

Según surge, el recurrente es miembro de la población penal de la Institución Correccional 501 en Bayamón. Allí extingue una pena de reclusión de diez (10) años y tres (3) meses, por infracción al Artículo 3.1 de la Ley para la Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 631, y por violación a los Artículos 5.05 y 5.15 de la ya derogada Ley de Armas de Puerto Rico de 2000, Ley Núm. 404 de 11 de

septiembre de 2000[1], 25 LPRA sec. 458d y 458n. La sentencia por la cual el recurrente cumple en cárcel se dictó el 14 de diciembre de 2018 y habrá de extinguir la misma el 8 de enero de 2028. La Junta de Libertad Bajo Palabra adquirió jurisdicción para considerar su caso el 6 de junio de 2023.

En septiembre de 2024, la Junta de Libertad Bajo Palabra atendió una solicitud promovida por el recurrente a los fines de ser considerado para la concesión del privilegio correspondiente. El 10 de dicho mes y año, la técnico de servicios socio penales encargada del caso emitió el *Informe Breve de Libertad Bajo Palabra*. Tras entender sobre el mismo, y luego de revisar los expedientes, informes adicionales y evaluaciones atinentes, el 12 de noviembre de 2024, la Junta de Libertad Bajo Palabra notificó la *Resolución* aquí recurrida. En virtud de la misma, resolvió que el recurrente se encontraba clasificado en custodia mínima, que cumplía con los criterios de residencia y amigo consejero y que había completado ciertos programas que le fueron asignados. A su vez, dispuso que, a tenor con los hallazgos de la evaluación, surgía que este se encontraba recibiendo servicios de salud mental dirigidos a su independencia emocional y que había hecho dos (2) programas de desvío por casos relacionados a la Ley Núm. 54, *supra.*

No obstante, la Junta de Libertad Bajo Palabra concluyó que el recurrente no era un buen candidato para disfrutar del privilegio de libertad bajo palabra, toda vez que, según los resultados de la investigación, este carecía de una oferta de empleo viable, era recurrente en la comisión de los delitos por los cuales servía su sentencia de cárcel y su última evaluación psicológica no le resultó favorable. De este modo, la Junta de Libertad Bajo Palabra denegó al recurrente la concesión del privilegio en controversia.

---

[1]Destacamos que la Ley 404-2000, *supra,* fue derogada por la hoy vigente Ley de Armas de Puerto Rico de 2020, Ley 168 - 2019, 25 LPRA sec. 461.

Inconforme, el 11 de diciembre de 2024, el recurrente compareció ante nos mediante el recurso de revisión judicial de epígrafe. En esencia, impugna la determinación administrativa antes aludida, ello al plantear que la misma no se basa en evidencia reciente ni suficiente.

Procedemos a expresarnos.

## II

### A

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Transporte Sonell, LLC v. Junta de Subastas,* 2024 TSPR 82, 214 DPR ___ (2024); *Otero Rivera v. Bella Detail Group, Inc.*, 2024 TSPR 70, 213 DPR___ (2024); *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 114 (2023); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II,* 179 DPR 923, 940 (2010). No obstante, el estado de derecho reconoce que la revisión judicial constituye el remedio exclusivo para entender sobre los méritos de una decisión administrativa, hecho que permite a los tribunales garantizar que las agencias administrativas actúen dentro de los márgenes de las facultades que le fueron delegadas por ley, ello bajo las pautas del debido proceso de ley. *Simpson y otros v. Junta de Titulares*, 2024 TSPR 64, 213 DPR ___ (2024). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Supte. Policía*, supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo. Otero v. Toyota*, 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias*, 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía*, supra. Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta

regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Costa Azul v. Comisión de Seguridad*, 170 DPR 847, 853 (2007).

**B**

Por su parte, La Junta de Libertad Bajo Palabra fue creada mediante la aprobación de la Ley Orgánica de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq*, según enmendada. Dicho estatuto otorgó a la Junta el poder para decretar que cualquier persona recluida en las instituciones correccionales de Puerto Rico, pueda cumplir la última parte de su condena bajo el privilegio de libertad bajo palabra y conforme a las condiciones que a tal fin se impongan. 4LPRA sec. 1503; *Benítez Nieves v. E.L.A. et al.,* 202 DPR 818, 825 (2019); *Toro Ruiz v. J.L.B.P. y Otros*, 134 DPR 161, 166 (1993). Por ello, se reconoce que "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).

La concesión del privilegio de libertad bajo palabra, si bien persigue un fin rehabilitador, supone, a su vez, la consideración del mejor interés de la sociedad. 4 LPRA sec. 1503c. De ahí que se faculta a la Junta para establecer las condiciones que intime necesarias para conciliar ambos propósitos. *Rivera Beltrán v. J.L.B.P.*, 169 DPR 903, 905 (2007). En la consecución de la referida premisa, la Ley Núm. 118, *supra*, enumera los criterios que dirigirán la discreción de la Junta al momento de considerar la elegibilidad de la concesión del privilegio en cuestión. A tal efecto, dispone como sigue:

La Junta tendrá facultad para conceder el privilegio de libertad bajo palabra a una persona recluida en una institución penal en Puerto Rico, tomando en consideración los siguientes criterios:

(1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.

(2) Las veces en que el confinado haya sido convicto o sentenciado.

(3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.

(4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.

(5) El historial de ajuste institucional y del historial social y psicológico del confinado, preparado por la Administración de Corrección y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.

(6) La edad del confinado.

(7) El o los tratamientos para condiciones de salud que reciba el confinado.

(8) La opinión de la víctima.

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.

4 LPRA 1503d.

Destacamos que, a fin de ejecutar las facultades legales que le asisten a la Junta de Libertad Bajo Palabra, el Artículo X, Sección 10.1 del Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020, de manera

análoga, consigna y elabora los referidos criterios como los rectores para establecer la elegibilidad de un candidato para disfrutar del privilegio en controversia. Tal cual dispone la Ley, el referido cuerpo reglamentario también reconoce a la Junta de Libertad Bajo Palabra discreción al momento de evaluar los mismos a la luz de las condiciones establecidas en los casos sometidos a evaluación.

**III**

En la presente causa, el recurrente, en un solo párrafo, y de manera escueta, impugna la determinación agencial aquí recurrida, ciñéndose a plantear que la Junta de Libertad Bajo Palabra fundamentó la misma en que no dispone de una oferta de empleo viable. Sin embargo, una lectura de la *Resolución* en controversia revela que, en su quehacer adjudicativo respecto al petitorio del recurrente, el Organismo compelido actuó movido por consideraciones adicionales que, a nuestro juicio, son suficientes y razonables para sostener su determinación.

Conforme surge de los documentos de autos, una vez sometida a correspondiente solicitud por parte del recurrente, la Junta de Libertad Bajo Palabra dio curso a los procedimientos pertinentes para evaluar el cumplimiento de las condiciones y criterios legales y reglamentarios aplicables. Se desprende de la prueba que obra ante nos, que, a pesar de cumplir con ciertos de los criterios, el recurrente no pudo establecer a satisfacción de la entidad que, además de no poseer una oferta de empleo viable, gozaba de aptitud conductual y psicológica suficiente como para ser acreedor del privilegio en controversia. Tales determinaciones, fundadas las mismas en los informes, expedientes y evaluaciones a las que fue sometido el recurrente, ciertamente son injerentes al *expertise* de la Junta de Libertad Bajo Palabra y propio a la discreción que en el ejercicio evaluativo correspondiente le asiste. Por tanto, dado a que nada en el expediente de autos revela que la

determinación aquí recurrida sea incorrecta ni irrazonable, condición que nos exige abstenernos de intervenir con el criterio especializado del organismo, resolvemos no intervenir con lo resuelto.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones